UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-303-MOC
(3:13-cr-330-MOC-1)

| | |
|---|---|
| HAROLD BROOME, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and Alternate Motion for Issuance of a Writ of Error *Coram Nobis* Pursuant to 28 U.S.C. § 1651(a), (Doc. No. 13).

I. **BACKGROUND**

Petitioner was charged in the underlying criminal case with: Counts (1)-(3) possession with intent to distribute cocaine base (21 U.S.C. §§ 841(a)(1), (b)(1)(C)); Count (4), possession with intent to distribute a mixture or substance containing a detectable amount of cocaine (21 U.S.C. §§ 841(a)(1), (b)(1)(C)); Count (5), possession with intent to distribute a mixture or substance containing a detectable amount of marijuana (21 U.S.C. §§ 841(a)(1), (b)(1)(D)); Count (6), possession of a firearm and ammunition by a convicted felon (18 U.S.C. § 922(g)(1)); and Count (7), using or carrying one or more firearms in furtherance of a drug trafficking crime as charged in Counts (3)-(5) (18 U.S.C. § 924(c)(1)). (3:13-cr-330 (CR) Doc. No. 20). The Government filed an Information pursuant to 21 U.S.C. § 851 based on a prior felony drug offense, *i.e.*, the April 27, 2005 conviction sale of cocaine in Mecklenburg County Superior Court. (CR Doc. No. 8); see (Doc. No. 17) (Judgment and Commitment, Case No. 04CRS256521).

1

Petitioner pleaded guilty to Counts (1) through (6) in exchange for the Government's dismissal of Count (7). (CR Doc. No. 22). The written Plea Agreement set forth Petitioner's sentencing exposure, including the § 851 enhancement, which the Government agreed to withdraw at the time of sentencing. (CR Doc. No. 22 at 1-2). The Plea Agreement provides as follows with regards to the § 851 enhancement: "The defendant stipulates, agrees, and affirms that the conviction referenced in that information is a valid predicate prior felony conviction under 21 U.S.C. § 851, and that the defendant has no challenge to the same." (CR Doc. 22 at 2). The Plea Agreement states that a violation of supervised release may subject Petitioner to an additional period of imprisonment. The parties agreed to jointly recommend the drug amounts for purposes of relevant conduct and the parties remained free to seek a departure or variance. (CR Doc. No. 16 at 2-3). The Plea Agreement provides that Petitioner stipulated to the existence of a factual basis to support his guilty plea and that he stipulated to the written Factual Basis that was filed with the Plea Agreement, and that the Court may use the offense conduct set out in the Presentence Report (PSR) except any fact to which Petitioner has objected. (CR Doc. No. 22 at 4); see (CR Doc. No. 21) (Factual Basis). The Plea Agreement sets forth the rights Petitioner was waiving by pleading guilty, and specifically provides that Petitioner was waiving the rights to contest his conviction and/or sentence in post-conviction motions and on appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct. (CR Doc. No. 22 at 5).

The written Factual Basis, which the Petitioner signed, provides *inter alia* that a handgun was found in the master bedroom of Petitioner's residence that Petitioner told task force officers that he had purchased it to protect himself from being robbed. (CR Doc. No. 22 at 1-2). The Factual Basis states that "[t]he defendant was previously convicted of a crime punishable by imprisonment for a term exceeding one year; he is a felon" and "[a] pardon check confirmed that

the defendant is still prohibited from possessing a firearm." (CR Doc. No. 22 at 1-2). The Factual Basis further acknowledges the validity of the § 851 enhancement: "on April 27, 2005, in the Mecklenburg County Superior Court, Charlotte, North Carolina, BROOME was convicted in case no. 2005CRS256521[1] of Sell Cocaine, in violation of N.C. Gen. Stat. § 90-95(A)(1). He was sentenced to 20-24 months imprisonment…." (CR Doc. No. 21 at 2).

A United States Magistrate Judge conducted a thorough plea hearing pursuant to Rule 11 at which Petitioner was represented by counsel. See (CR Doc. No. 23); (CR Doc. No. 49). The Petitioner stated, under oath, that he understood and agreed with the Plea Agreement and Factual Basis, that he was knowingly and voluntarily pleading guilty because he is guilty, and that he was satisfied with counsel's services. (CR Doc. No. 49 at 12, 16-18). Petitioner specifically agreed that he was waiving his appellate and post-conviction rights as part of his guilty plea. (CR Doc. No. 49 at 17). The Court accepted Petitioner's guilty plea and, in a Judgment entered March 23, 2015, adjudicated him guilty of Counts (1) through (6) and sentenced him to a downward variance sentence of 50 months' imprisonment for each count, concurrent, followed by supervised release of three years for Counts (1) through (4), two years for Count (5), and one year for Count (6), concurrent. (CR Doc. No. 35). Petitioner did not appeal.

Petitioner completed his sentence of imprisonment and began serving supervised release on September 1, 2017. See (CR Doc. No. 39). On April 17, 2019, the Probation Officer filed a Petition for the Court to issue an arrest warrant and for the revocation of Petitioner's probation based on multiple violations of the conditions of his supervised release including several new law violations. (Id.). Petitioner admitted seven violations of supervised release and, in a Judgment

---

[1] The case number appears to contain a typographical error. See (Doc. No. 17 at 1) (Judgment and Commitment for "Sell Cocaine," Case No. 04CRS256521 filed April 27, 2005).

3

entered on March 10, 2021, the Court sentenced him to a consecutive one-month term of imprisonment.[2] (CR Doc. No. 58).

Petitioner filed a § 2255 Motion to Vacate through counsel in the instant case on June 1, 2020. (Doc. No. 1). He argues that the Judgment should be vacated pursuant to Rehaif v. United States, 139 S.Ct. 2191 (2019) because he was not informed that a § 922 conviction requires proof that he knew he belonged to a class of persons barred from possessing a firearm. Petitioner asks the Court to vacate the entire Judgment and determine whether to resentence him on the remaining counts or invalidate the entire agreement.

The Government filed a Motion to Dismiss, (Doc. No. 9), arguing that the Court lacks jurisdiction to consider the Rehaif claim under § 2255 because Petitioner was not in custody for the § 922(g) offense at the time the Motion to Vacate was filed. The Government requested the opportunity to file supplemental briefing on the merits should its Motion to Dismiss be denied. (Doc. No. 9 at 6, n.2).

On December 11, 2020, the Court granted in part and denied in part the Motion to Dismiss. (Doc. No. 12). The Court granted the Motion as to Counts (5) and (6) for lack of jurisdiction, as Petitioner had completed his sentenced for those counts and was thus no longer "in custody" for purposes of § 2255. However, the Court denied the Motion as to Counts (1) through (4) because the Petitioner was on supervised release for those counts at the time the § 2255 Motion to Vacate was filed, and therefore, he satisfied the "in custody" requirement. (Doc. No. 12). The Court granted the Government the opportunity to file a supplemental response addressing Counts (1) through (4). (Id.).

---

[2] Petitioner is presently serving a 180-month sentence pursuant to a guilty plea to one count of drug trafficking conspiracy in case number 3:19-cr-384-MOC-DSC. (3:19-cr-384, Doc. No. 45).

On January 4, 2021, the Petitioner filed the instant *Coram Nobis* Petition. (Doc. No. 13). He reasserts his § 2255 claims and further argues that he is eligible for *coram nobis* relief on Counts (5) and (6) because the Court ruled that § 2255 relief is unavailable and the Rehaif error is fundamental. He asks the Court to vacate the entire sentencing package.

The Government filed a Supplemental Response arguing that the § 2255 claims should be dismissed or denied as conclusory, waived, procedurally barred, and without merit. (Doc. No. 16). The Government further argues that *coram nobis* relief should be denied because he has failed to satisfy the burden of showing that he is entitled to that extraordinary remedy.

Petitioner filed a Reply arguing that the Government has failed to acknowledge the full scope of the Rehaif holding and that relief is warranted. (Doc. No. 18). The matter is now ripe for disposition.

**II.     STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

Petitioner seeks § 2255 and *coram nobis* relief pursuant to Rehaif, in which the United States Supreme Court held that, in a prosecution under §§ 922(g) and 924(a)(2), the Government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S.Ct. at 2200. The Fourth

Circuit held in a case on direct appeal that a Rehaif error is structural and does not require a showing of prejudice in order to set aside a guilty plea. United States v. Gary, 954 F.3d 194 (4th Cir. 2020), *cert. granted* 141 S.Ct. 974 (Jan. 8, 2021); see Weaver v. Massachusetts, 137 S. Ct. 1899 (2017) (defining structural error as error that may never be deemed harmless on plain error review). In United States v. Lockhart, 947 F.3d 187 (4th Cir. 2020), the Fourth Circuit held on direct appeal that the magistrate judge plainly erred in accepting defendant's guilty plea based on Rehaif as well as the failure to accurately inform him of his sentencing exposure, however, the Fourth Circuit declined to decide whether a stand-alone Rehaif error requires automatic vacatur of a guilty plea or whether such error should be reviewed for prejudice.

**A.    § 2255**

The Petitioner's § 2255 Motion to Vacate is still pending for Counts (1) through (4), which are violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). A defendant is limited "to attacks on the voluntary and intelligent nature of

the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id.

Petitioner's claim is conclusory and insufficient as a matter of law. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding that it was proper to dismiss § 2255 claims based on vague and conclusory allegations). Petitioner fails to allege that, had he received different advice, "he would not have pleaded guilty and would have insisted on going to trial." United States v. Fugit, 703 F.3d 248, 259 (4th Cir. 2012) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Petitioner's suggestion that he may have considered the plea offer as a whole differently had he been aware of Rehaif, fails to call the voluntary and intelligent nature of his plea to Counts (1) through (4) into question. The record conclusively demonstrates that he fully understood these charges and his sentencing exposure, and he admitted his guilt of these offenses.

Further, Petitioner's challenges to Counts (1) through (4) are non-jurisdictional claims that were waived by his knowing and voluntary guilty plea to those counts. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) (a "guilty plea represents a break in the chain of events which has preceded it in the criminal process."); United States v. Moussaoui, 591 F.3d 263, 279-80 & n.12 (4th Cir. 2010) ("the notion that a structural error occurring prior to a guilty plea invalidates the subsequent guilty plea would be at odds with the result in Tollett…;" an allegation of structural error, "even if true, would not invalidate his guilty plea.").

Petitioner's claim is also procedurally defaulted from § 2255 review. A § 2255 motion is not a substitute for direct appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Claims of error that could have been raised before the trial court and on direct appeal, but were not, are procedurally defaulted from § 2255 review unless the petitioner shows both cause for the default and actual prejudice, or demonstrates that he is actually innocent of the offense. See Bousley v.

United States, 523 U.S. 614, 621 (1998); United States v. Bowman, 267 F. App'x 296, 299 (4th Cir. 2008). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). A subsequent change in the law constitutes "cause" only where "a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). However, "alleged futility cannot serve as 'cause' for procedural default in the context of collateral review." See Whiteside v. United States, 775 F.3d 180, 185 (2014) (citing Bousley, 523 U.S. at 623). To show prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his actual and substantial disadvantage" and were of constitutional dimension. See Frady, 456 U.S. at 170. To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit." United States v. Jones, 758 F.3d 579, 584 (4th Cir. 2014). Actual innocence means factual innocence, not legal insufficiency. See Mikalajunas, 186 F.3d at 494.

Petitioner argues that Rehaif is novel, and therefore constitutes "cause." However, the only counts before the Court on § 2255 review are § 841 drug trafficking offenses to which Rehaif does not apply. Therefore, assuming *arguendo* that Rehaif is a "novel" change in the law that could not have been asserted sooner, such does not apply to Petitioner's drug trafficking convictions. Moreover, Petitioner cannot demonstrate prejudice because Rehaif has no bearing on these drug trafficking counts, and he does not attempt to demonstrate that he is actually innocent of these, or any, of the offenses to which he pleaded guilty. Therefore, Petitioner's § 2255 claims are procedurally defaulted from § 2255 review.

Even if this claim were not barred and procedurally defaulted, it would be denied on the merits. As previously stated, Rehaif simply does not apply to the Petitioner's drug trafficking

8

convictions. Moreover, any suggestion that he would not have entered into the Plea Agreement had he known about Rehaif is conclusively refuted by the record. Petitioner signed a Factual Basis, which he admitted in open court was true, that he possessed a firearm, and that knew he was a felon having been convicted of a North Carolina drug offense for which he was sentenced to 20-24 months' imprisonment. (CR Doc. No. 21); (CR Doc. No. 49). Petitioner's present self-serving and unsupported claims to the contrary are rejected. See generally Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Petitioner's suggestion that Rehaif required the Petitioner to know that he was barred from possessing firearms is rejected; Rehaif requires knowledge only that he possessed a firearm and that he is a felon. See Staples v. United States, 511 U.S. 600, 605 (1994) (as a general matter, *mens rea* does not require that a defendant know his conduct was illegal, but only that he "know the facts that make his conduct illegal."); Allen v. United States, 2019 WL 6359164, at *4 (W.D.N.C. Nov. 27, 2019) ("Rehaif does not hold that the government was required to prove that he knew that he was prohibited from possessing a firearm to sustain a conviction under Section 922(g)(1).").

Petitioner's § 2255 claims challenging Counts (1) through (4) are therefore insufficient, waived, procedurally defaulted, and meritless. The Motion to Vacate these claims will be dismissed and denied.

**B.** *Coram Nobis*

Now that the Court has dismissed the § 2255 Motion to Vacate as to Counts (5) and (6), Petitioner seeks *coram nobis* relief on these counts.

9

A *coram nobis* petition under 28 U.S.C. § 1651(a) is "of the same general character as one under 28 U.S.C. § 2255," but is available to petitioners who are no longer "in custody" and cannot seek habeas relief under § 2255 or § 2241. United States v. Morgan, 346 U.S. 502, 506, 512 (1954); see Chaidez v. United States, 568 U.S. 342 (2013). *Coram nobis* is a "remedy of last resort," United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012), and is narrowly limited to "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice,'" United States v. Denedo, 556 U.S. 904, 911 (2009) (quoting Morgan, 346 U.S. at 511). A petitioner seeking *coram nobis* relief must show that: "(1) a more usual remedy [such as habeas corpus] is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Akinsade, 686 F.3d at 252 (quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)). An error of "the most fundamental character" is on that has "rendered the proceeding itself irregular and invalid." United States v. Addonizio, 442 U.S. 178, 186 (1979) (quoting United States v. Mayer, 235 U.S. 55, 69 (1914)); Bereano v. United States, 706 F.3d 568, 576-77 (4th Cir. 2013). A court reviewing such a petition must presume that the underlying proceedings were correct; "the burden rests on the [petitioner] to show otherwise." Morgan, 346 U.S. at 512.

The Court easily concludes that *coram nobis* relief should not be granted in this case because the Petitioner has failed to demonstrate at least two of the *coram nobis* requirements. First, Petitioner has failed to demonstrate that he is suffering adverse consequences from his convictions in Counts (5) and (6). As adverse consequences, Petitioner argues that he faces revocation of supervised release and a § 851 enhancement in case number 3:19-cr-384. Petitioner's argument with regards to supervised release is meritless; his two years of supervised release for Count (5)

and his one year of supervised release for Count (6) have long expired and are not subject to revocation. Petitioner's argument based on § 851 is meritless because the enhancement in case number 3:19-cr-384 is based on one of the § 841(a)(1) and (b)(1)(C) offenses in Counts (1) through (4); and not the § 841(a)(1) and (b)(1)(C) offense in Count (5) or the § 922(g) offense in Count (6). See (3:19-cr-384 Doc. No. 30) ("Before the defendant committed the offense charged in Count One, the defendant had a final conviction for a serious drug felony, namely, a conviction under Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) for which he served more than 12 months of imprisonment…."). Petitioner has failed to demonstrate any adverse consequence from the convictions in Counts (5) and (6) whatsoever.

Second, Petitioner has failed to demonstrate the existence of an error so fundamental that it rendered the proceeding itself irregular and invalid. See Bereano, 706 F.3d at 576-77. As previously discussed, Petitioner has failed to demonstrate that Rehaif called the validity of the Petitioner's guilty plea into question whatsoever. See Section III(A), *supra*. He has likewise failed to demonstrate that any Rehaif error was so fundamental that it called the entire proceeding into question.

Therefore, Petitioner's *coram nobis* challenge to Counts (5) and (6) will be denied.

### IV. CONCLUSION

For the foregoing reasons, the § 2255 Motion to Vacate and § 1651 *Coram Nobis* Petition are dismissed and denied.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's § 2255 Motion to Vacate, (Doc. No. 1), as to Counts (1) through (4) is **DISMISSED** and **DENIED**.

2. Petitioner's Motion for Issuance of a Writ of Error *Coram Nobis* Pursuant to 28 U.S.C. § 1651(a), (Doc. No. 13), is **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: June 1, 2021

Max O. Cogburn Jr
United States District Judge